UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

DOROTHY KING,

        Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

Case No. 1:09-cv-871

Honorable Robert Holmes Bell

**REPORT AND RECOMMENDATION**

---

This is a social security action brought under 42 U.S.C. § 1383(c)(3) seeking review of a partially favorable decision of the Commissioner of Social Security on plaintiff's claim for SSI benefits. The Commissioner found that on and after February 4, 2003, plaintiff was disabled and entitled to supplemental security income (SSI) benefits. Plaintiff's request for judicial review is limited to the portion of the Commissioner's decision finding that she was not disabled during the closed period from May 1, 2000, through February 3, 2003.

On April 19, 2000, plaintiff filed her application for SSI benefits. She alleged a November 1, 1999 onset of disability.[1] (A.R. 44-46). Her claim was denied on initial review. (A.R. 34-38). On June 17, 2002, and September 30, 2002, plaintiff received a hearing before an administrative law judge. (A.R. 392-411). On July 23, 2003, an ALJ issued a partially favorable

---

[1] SSI benefits are not awarded retroactively for months prior to the application for benefits. 20 C.F.R. § 416.335; *see Kelley v. Commissioner*, 566 F.3d 347, 349 n.5 (3d Cir. 2009); *see also Newsom v. Social Security Admin.*, 100 F. App'x 502, 504 (6th Cir. 2004). The earliest month in which SSI benefits are payable is the month after the application for SSI benefits is filed. Thus, May 2000 is plaintiff's earliest possible entitlement to SSI benefits, despite her allegation of an earlier onset date.

decision finding that plaintiff was disabled on and after February 4, 2003. (A.R. 128-34, 186-92). On September 8, 2004, the Appeals Council vacated the ALJ's decision and remanded the matter for further administrative proceedings. (A.R. 202-04). On March 1, 2007, plaintiff received a hearing before an administrative law judge (ALJ), at which she was represented by counsel. (A.R. 412-92). On June 25, 2007, the ALJ issued a decision finding that plaintiff was disabled on and after February 4, 2003, but not before that date. (A.R. 24-33). On June 23, 2009, the Appeals Council denied review (A.R. 7-9), and the ALJ's decision became the Commissioner's final decision.

On September 23, 2009, plaintiff filed her complaint seeking judicial review of the portion of the Commissioner's decision finding that she was not disabled from November 1, 1999, through February 3, 2003. Her brief presents the following statement of error:

> THE ALJ COMMITTED REVERSIBLE ERROR BY FAILING TO FOLLOW THE REMAND ORDER FROM THE APPEALS COUNCIL AS DIRECTED THEREBY COMMITTING REVERSIBLE ERROR.

(Statement of Error, Plf. Brief at 7, docket # 17). Upon review, I find that plaintiff's argument does not provide a basis for disturbing the Commissioner's decision. I recommend that the Commissioner's decision be affirmed.

**Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion.'" *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) ("[E]ven if the district court -- had it been in the position of the ALJ -- would have decided the matter differently than the ALJ did, and even if substantial evidence also would have supported a finding other than the one the ALJ made, the district court erred in reversing the ALJ."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Kyle v. Commissioner*, No. 09-3628, __ F.3d __, slip op. at 11 (6th Cir. June 28, 2010).

## Discussion

The ALJ found that plaintiff had not engaged in substantial gainful activity on or after November 1, 1999. (A.R. 26). Plaintiff had the following severe impairments: "diabetes mellitus, hypertension, congestive heart failure, residuals status post closed head injury, vision loss, and depression." (A.R. 26). She did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments. (A.R. 26). The ALJ found that plaintiff retained the residual functional capacity (RFC) for a limited range of light work. (A.R. 27). The ALJ found that plaintiff's testimony regarding her subjective functional limitations before February 4, 2003, was not fully credible:

> The undersigned has considered other factors in addition to the objective medical evidence and finds that they do not fully support the claimant's allegations prior to February 4, 2003. Although the claimant alleges that she has always been told by her doctors to rest and take naps, there is no documentary evidence that, prior to February 4, 2003, the claimant was ever prescribed regular bed rest or given any work restrictions that included unscheduled rest breaks. Further, the record indicates that after the alleged onset date the claimant was engaging in occasional or casual seamstress work which, although not performed at the substantial gainful activity earnings level, shows that the claimant's visual limitations did not preclude work activity [A.R. 258-59]. Furthermore, the evidence of record strongly indicates that prior to February 4, 2003, the claimant was noncompliant with prescribed medications (*See, e.g.*, Exhibit 9F, page 9)[A.R. 299].

(A.R. 30). He found that plaintiff's testimony regarding her limitations for the period on and after February 4, 2003, was credible. (A.R. 31). Plaintiff did not have past relevant work. (A.R. 31). She was 49-years-old as of her alleged onset of disability and classified as a younger individual. On and after March 17, 2000, plaintiff was classified as an individual closely approaching advanced age. (A.R. 31). Plaintiff has a high school education and is able to communicate in English. (A.R. 31). The transferability of job skills was not an issue because plaintiff lacked past relevant work. (A.R. 31). The ALJ then turned to the testimony of a vocational expert (VE). In response to a hypothetical

question regarding a person of plaintiff's age, and with her RFC, education, and work experience, the VE identified 7,600 jobs in southeast Michigan that the hypothetical person was capable of performing. (A.R. 471-73). The ALJ found that this constituted a significant number of jobs. (A.R. 32). Using Rules 202.13 and 202.20 of the Medical-Vocational Guidelines as a framework, the ALJ found that plaintiff was not disabled before February 4, 2003. Plaintiff was disabled on and after February 4, 2003.[2] (A.R. 33).

**1.**

Plaintiff argues that the ALJ did not comply with the Appeals Council's September 8, 2004 order remanding this case for further administrative proceedings. (Plf. Brief at 7-11). The scope of this court's review does not encompass whether the ALJ complied with the Appeals Council's order. The scope of judicial review is defined by statute:

> The final determination of the Commissioner of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title.

42 U.S.C. § 1383(c)(3). Section 405(g) limits judicial review to the Commissioner's final administrative decision:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social

---

[2]Plaintiff was hospitalized on February 4, 2003, with "congestive heart failure, hypoxia, respiratory distress, hypertensive urgency, lower extremity cellulitis, and uncontrolled diabetes mellitus." (A.R. 31; *see* A.R. 291-307). She was hospitalized again on May 7, 2003. (A.R. 31, 319-26). Plaintiff was hospitalized on a number of occasions after 2003 and did not experience significant improvement despite regular treatment and medications. (A.R. 31) (citing A.R. 328-31, 334-49, 384-86).

Security may allow. . . . The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . .

42 U.S.C. § 405(g). It is well established that an order from the Appeals Council remanding a matter for further proceedings is not a final administrative decision. *See Weeks v. Social Security Admin.*, 230 F.3d 6 (6th Cir 2000) (*per curiam*); *Duda v. Secretary of Health & Human Servs.*, 834 F.2d 554, 555 (6th Cir.1987) (*per curiam*). Whether the ALJ complied with the Appeals Council's order of remand is "an internal agency matter which arises prior to the issuance of the agency's final decision." *Brown v. Commissioner*, No. 1:08-cv-183, 2009 WL 465708, at * 6 (W.D. Mich. Feb.24, 2009). "[T]his court's review is limited to an analysis of the ALJ's decision and not a review of the ALJ's compliance with the Appeals Council's Order of Remand." *Peterson v. Commissioner*, No. 09-11222, 2010 WL 420000, at * 7 (E.D. Mich. Jan. 29, 2010). Further, "By failing to remand the matter a second time, it appears the Appeals Council considered the ALJ's [decision] to be in compliance with the Council's previous order of remand. Section 405(g) does not provide this court with authority to review intermediate agency decisions that occur during the administrative review process." *Brown v. Commissioner*, 2009 WL 465708, at * 6.

**2.**

Plaintiff argues that the ALJ's credibility determination regarding her subjective complaints is not supported by substantial evidence. (Plf. Brief at 8-9, 12-13). Credibility determinations concerning a claimant's subjective complaints are peculiarly within the province of the ALJ. *See, e.g.*, *Gooch v. Secretary of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987). It is the ALJ's function to determine credibility issues. *See Siterlet v. Secretary of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987). The court does not make its own credibility

determinations. *See Walters v. Commissioner*, 127 F.3d at 528; *see McGlothlin v. Commissioner*, 299 F. App'x 516, 523-24 (6th Cir. 2008). The court cannot substitute its own credibility determination for the ALJ's. The court's "review of a decision of the Commissioner of Social Security, made through an administrative law judge, is extremely circumscribed . . . ." *Kuhn v. Commissioner*, 124 F. App'x 943, 945 (6th Cir. 2005). The Commissioner's determination regarding the credibility of a claimant's subjective complaints is reviewed under the deferential "substantial evidence" standard. "Claimants challenging the ALJ's credibility determination face an uphill battle." *Daniels v. Commissioner*, 152 F. App'x 485, 488 (6th Cir. 2005). "Upon review, [the court must] accord to the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which [the court] d[oes] not, of observing a witness's demeanor while testifying." *Jones*, 336 F.3d at 476. "The ALJ's findings as to a claimant's credibility are entitled to deference, because of the ALJ's unique opportunity to observe the claimant and judge her subjective complaints." *Buxton v. Halter*, 246 F.3d at 773. "Since the ALJ has the opportunity to observe the demeanor of the witness, h[er] conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993); *see White v. Commissioner*, 572 F.3d 272, 287 (6th Cir. 2009).

The ALJ was not persuaded by the reasons plaintiff gave for not taking her medications. (A.R. 442-44). Social Security regulations make pellucid that a claimant who fails to follow prescribed treatment without good reason will not be found disabled. 20 C.F.R. § 416.930(b). A claimant's failure to follow prescribed treatment is evidence supporting the ALJ's factual finding that the claimant's testimony was not fully credible. *See Sias v. Secretary of Health & Human*

*Servs.*, 861 F.2d 475, 480 (6th Cir. 1988). Further, it was appropriate for the ALJ to take plaintiff's daily activities into account in making his credibility determination. *See Cruse v. Commissioner*, 502 F.3d 532, 542 (6th Cir. 2007); *Blacha v. Secretary of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990). I find that the ALJ's credibility determination is supported by more than substantial evidence.

**3.**

Plaintiff's argument attacking the adequacy of the ALJ's hypothetical question (Plf. Brief at 8-9) is simply a reformulation of her argument attacking the adequacy of the ALJ's factual findings regarding her credibility. A VE's testimony in response to a hypothetical question accurately reflecting a claimant's impairments provides substantial evidence supporting the Commissioner's decision. *See Varley v. Secretary of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). A hypothetical question is not required to list the claimant's medical conditions, but is only required to reflect the claimant's limitations. *Webb v. Commissioner*, 368 F.3d 629, 633 (6th Cir. 2004). The ALJ found that plaintiff's subjective complaints were not fully credible. It is well settled that a hypothetical question to a VE need not include unsubstantiated complaints. *See Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993); *see also Grant v. Commissioner*, No. 09-5623, 2010 WL 1378427, at * 3 (6th Cir. Apr. 7, 2010) ("[I]n formulating a hypothetical question, an ALJ is only required to incorporate those limitations which [s]he has deemed credible.").

**4.**

Plaintiff argues that the ALJ committed reversible error by not making an adequate inquiry whether the jobs the VE had identified were consistent with the *Dictionary of Occupational Titles* (*DOT*). (Plf. Brief at 10). In response to a hypothetical question regarding a person of plaintiff's age, and with her RFC, education, and work experience, the VE testified that there were approximately 7,600 jobs in southeast Michigan that the hypothetical person would be capable of performing: 1,800 dining room attendant or bus person jobs, 4,800 housekeeper jobs, and 1,000 packer jobs. (A.R. 471-73). Under SSR 00-4p, the ALJ was required to ask the VE on the record whether the evidence he had supplied was consistent with the *DOT*. *See Lindsley v. Commissioner*, 560 F.3d 601, 605 (6th Cir. 2009); *Titles II and XVI: Use of Vocational Expert and Vocational Specialist Evidence, and Other Reliable Information in Disability Decisions*, SSR 00-4p (reprinted at 2000 WL 1898704, at * 4 (SSA Dec. 4, 2000)). The ALJ posed the appropriate question and the VE testified that the jobs he had identified were consistent with the *DOT*:

> Q   Okay. Now you have identified jobs in response to my hypothetical. Are these jobs consistent with the *DOT* and its companion publication?
>
> A   Yes.

(A.R. 474). The ALJ was under no obligation to investigate the accuracy of the VE's testimony beyond the question required by SSR 00-4p.[3] *See Kyle v. Commissioner*, No. 09-3628, __ F.3d __,

---

[3]"[N]either the ALJ nor the VE is required to follow the *DOT*." *Beinlich v. Commissioner*, 345 F. App'x at 168 (citing *Wright v. Massanari*, 321 F.3d 611, 616 (6th Cir. 2003)). "The function of the VE is to advise the ALJ of jobs found among various categories of employment which the claimant can perform with her limitations. The ALJ may choose to rely on the VE's testimony in complex cases, given the VE's ability to tailor h[is] finding to an 'individual's particular residual functional capacity.'" *Beinlich*, 345 F. App'x at 168 (quoting *Wright v. Massanari*, 321 F.3d at 616). The *DOT* is a reference source available to vocational experts, but it is certainly not the only

slip op. at 16; *Lindsley*, 500 F.3d at 606; *Beinlich v. Commissioner*, 345 F. App'x 163, 168 (6th Cir. 2009).

Plaintiff's argument that the ALJ failed to adequately develop the record because she did not ask the VE follow-up questions regarding specific *DOT* codes for the above-referenced jobs (Plf. Brief at 10) is patently meritless. It is well established law in the Sixth Circuit that the ALJ's special duty to *pro se* parties to develop the record does not extend to claimants represented by an attorney at the hearing. *See Wilson v. Commissioner*, 280 F. App'x 456, 459 (6th Cir. 2008); *Trandafir v. Commissioner*, 58 F. App'x 113, 115 (6th Cir. 2003); *see also Kelly v. Commissioner*, 314 F. App'x 827, 831 n.1 (6th Cir. 2009). "Th[e] obligation falls to the plaintiff's counsel, who had the opportunity to cross-examine the VE and bring out any conflicts with the *DOT*. The fact that plaintiff's counsel did not do so is not grounds for relief." *Beinlich*, 345 F.3d at 168-69 (citing *Ledford v. Astrue*, 311 F. App'x 746, 757 (6th Cir. 2008)). The hearing transcript reveals that plaintiff's attorney had a more than adequate opportunity to question the VE if she had any concern whether the aforementioned jobs were consistent with the *DOT*.

Plaintiff's argument that the VE's testimony conflicted with the *DOT* because the jobs identified by the VE required a specific vocational preparation (SVP) of 2 (Plf. Brief at 10) warrants little discussion. "The DOT lists a specific vocational preparation (SVP) time for each described occupation." 2000 WL 1898704, at * 3. SVP refers to the "amount of time required by

---

one. *See Baranich v. Barnhart*, 128 F. App'x 481, 486 n.3 (6th Cir. 2005); *see also* 20 C.F.R. §§ 416.960(b)(2), .966(d), .967; *accord Cunningham v. Astrue*, 360 F. App'x 606, 615-16 (6th Cir. 2010). The *DOT* is somewhat limited in that it classifies jobs by skill and exertional (strength) demands. It does not address nonexertional limitations. *See Baranich*, 128 F. App'x at 485. In *Wright v. Massanari*, the Sixth Circuit held that "the ALJ and consulting vocational experts are not bound by the Dictionary in making disability determinations because the Social Security regulations do not obligate them to rely on the Dictionary's classifications." 321 F.3d at 616.

a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance of a job." *Kyle v. Commissioner*, No. 09-3628, __ F.3d __, slip op. at 6 n.6; *see Bray v. Commissioner*, 554 F.3d 1219, 1230 n.4 (9th Cir. 2009); *see also Creech v. UNUM Life Ins. Co. of N. Am.*, 162 F. App'x 445, 459 (6th Cir. 2006). "SVP 2 means anything beyond a short demonstration up to and including 1 month." *Bray*, 554 F. 3d at 1230 n.4. An SVP of 2 corresponds to unskilled work. *See* 2000 WL 1898704, at * 3; *see also Wendelin v. Astrue*, No. 09-1211, 2010 WL 582639, at * 3 (10th Cir. Feb. 19, 2010); *Bray v. Commissioner*, 554 F.3d at 1230; *Jones ex rel. Morris v. Barnhart*, 315 F.3d 974, 979 (8th Cir. 2003). The jobs the VE identified were unskilled jobs. The VE's testimony in this regard did not conflict with the *DOT*.

It is undisputed that the VE's testimony regarding the exertional requirements of the dining room attendant position (A.R. 472) did conflict with the *DOT*. (Plf. Brief at 10-11; Def. Brief at 17 n.15). The *DOT* classifies the dining room attendant position (DOT 311.677-018) as medium work rather than light work. However, the ALJ cannot be faulted for failure to resolve this conflict because plaintiff's attorney never brought it to the ALJ's attention. *See Ledford v. Astrue*, 311 F. App'x at 757; *Martin v. Commissioner*, 170 F. App'x 369, 374 (6th Cir. 2006). Further, any error by the ALJ in relying on the VE's testimony regarding the dining room attendant positions was harmless. *See Fleeks v. Commissioner*, No. 08-cv-13135, 2009 WL 2143768, at * 6-7 (E.D. Mich. July 13, 2009) (collecting cases). Excluding the dining room attendant jobs, the VE identified 4,800 housekeeper jobs and 1,000 packer jobs in southeast Michigan that a hypothetical person of plaintiff's age with her RFC, education, and work experience would be capable of performing. (A.R. 471-73). This constitutes a significant number of jobs. *See Lee v. Sullivan*, 988 F.2d 789, 794 (7th Cir. 1993) (1,400 is a significant number and collecting cases where as few as 174 positions were

found to be a significant number); *Hall v. Bowen*, 837 F.2d 272, 275 (6th Cir. 1988) (1,350 is a significant number); *Martin v. Commissioner*, 170 F. App'x 369, 375 (6th Cir. 2006) (870 jobs is a significant number); *see also Nejat v. Commissioner*, 359 F. App'x 574, 579 (6th Cir. 2009) (collecting cases holding that as few as 500 jobs constituted a significant number).

## Recommended Disposition

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.

Dated: June 29, 2010        /s/ Joseph G. Scoville
                            United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).